UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARRY E. JOHNSON, | § | No. SA:14-CV-274-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| TEXAS WORKFORCE | § | |
| COMMISSION AND NORQUIST | § | |
| SALVAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER GRANTING DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS

On September 30, 2014, the Court heard oral argument on the Rule 12(b)(1) Motion to Dismiss Plaintiff's Complaint (Dkt. # 9) filed by Defendants Texas Workforce Commission and Norquist Salvage Corporation ("Defendants"). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda in support of and in opposition to the Motion, the Court, for the reasons that follow, **GRANTS** Defendants' Motion.

BACKGROUND

Plaintiff was employed by Norquist at a Thrift Town location in San Antonio, Texas. (Dkt. # 9 at 2.) Norquist terminated Plaitniff for misconduct;

1

specifically, for violating company policy concerning workplace violence. (Id.) Plaintiff applied to the Texas Workforce Commission ("TWC") for unemployment benefits. The TWC found that Plaintiff was terminated for misconduct and therefore did not qualify for benefits. (Id.) Plaintiff appealed this decision to the TWC Appeal Tribunal, which upheld the initial determination to deny benefits. (Id.) Subsequently, the Commission itself affirmed the Appeal Tribunal's decision. (Id.)

Plaintiff then filed suit against Defendants in County Court at Law No. 3 in Bexar County, Texas, on June 20, 2013, seeking judicial review of the agency's denial of his unemployment benefits. (Dkt. # 9, Ex. 1.) On February 27, 2014, the state court granted summary judgment in favor of Defendants, and entered final judgment against Plaintiff. (Id., Ex. 3.)

On May 22, 2014, Plaintiff filed a Complaint in this Court, seeking to "appeal" the state court's ruling and to recover $2,255.00 in unemployment benefits. ("Compl.," Dkt. # 5 ¶ 1.) As the basis for this Court's jurisdiction, Plaintiff alleges that a federal question exists because "the Texas Workforce Commission has committed discrimination in its appeal process and that it has era [sic] in its decision making and so[] does the Bexar County court of whom [sic] displayed a bias and prejudicial attitude and refused to address and or hear at trial all issues pertaining to the case of unemployment suit . . . ." (Id. ¶ 4.) Plaintiff

2

asserts that because of this, he has filed the instant "Motion for Appeal ." (Id.)

Plaintiff also cites multiple statutes as additional bases for this Court's jurisdiction including 42, U.S.C. § 1981, 42 U.S.C. § 2000d-7, 42 U.S.C. § 2000d; 42 U.S.C. § 1986, 42 U.S.C. § 1988(a), as well the criminal statute 18 U.S.C. § 241 (conspiracy against rights).

Plaintiff alleges "that all legal remedies have been exhausted at lower court levels and at Appeal Tribunal and Hearing Officer Courts and only appeal to a higher court is left . . . ." (Compl. ¶ 14.)

## STANDARD OF REVIEW

I.   Motion to Dismiss For Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 142 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. Hartford Ins. Grp. V. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002). Once a defendant files a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the burden rests on the plaintiff to

establish that the court does indeed have subject matter jurisdiction to hear the case.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

## DISCUSSION

Defendants move for summary judgment, arguing that the Rooker-Feldman doctrine prohibits this Court from reviewing, modifying, or nullifying final orders of state courts.  (Dkt. # 9 at 2.)

In Liedtke v. State Bar of Texas, the Fifth Circuit explained the "Rooker-Feldman" doctrine:

> Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994) (internal citations omitted) (emphasis added).  Further, "[t]he casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."  Id. (quoting Kimball v. Florida Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)).

In Kelley v. Texas Workforce Commission, plaintiff filed a complaint in federal district court, referring to her case as an "appeal."  No. H-08-1396, 2008

4

WL 4724428, at *3 (S.D. Tex. Oct. 24, 2008).  There, Kelley had filed two lawsuits in Texas state court challenging TWC's denial of her claims for unemployment benefits.  Id. at *1.  After the state district court dismissed both of her claims for failing to meet the jurisdictional requirements of the Texas Unemployment Act, Kelley appealed both decisions to the state appellate court, which affirmed.  Id.  The Texas Supreme Court then denied Kelley's petitions for review and her motions for rehearing.  Id.  Kelley next filed suit in federal district court, asserting that she was "appealing the dismissal of [her state unemployment benefits lawsuits] for lack of jurisdiction."  Id. at *2.  Concluding that Kelley's claims, when "stripped to essentials," were "an attack on the judgment of the state district court," the court dismissed Kelley's complaint.  Id. at *3.  Specifically, the court concluded that because Kelley's suit was "inextricably intertwined" with the previous state proceeding as it required the Court to examine the validity of the state court's judgments, the suit was barred pursuant to the Rooker-Feldman doctrine.  Id.  The court noted that after Kelley's appeal to the Texas Supreme Court was denied, her only recourse would have been to apply for writ of certiorari to the United States Supreme Court, "not to seek review or file a new case on the same subject in this Court."  Id. at *4.

      Likewise, here, Plaintiff's claims asserted in this Court are "inextricably intertwined" with the state court's dismissal of his claims.  He refers

5

to his complaint as an "appeal" multiple times.  (See Compl. ¶¶ 1, 4, 14, 22, 37.)  As far as the Court can tell, Plaintiff's twenty-four page complaint generally alleges "bias and prejudice" by Defendants and by the state court judge.  It appears that Plaintiff takes issue with the county court judge's decision to allow Defendants to play a CD at the summary judgment hearing that, in Plaintiff's opinion, was "mixed and tampered with" by Defendants.  (Id. ¶ 12.)  Plaintiff also challenges the county court judge's refusal to set his case for trial (id.), and his decision to "refuse judicial review when sufficiency of the evidence had . . . been met by plaintiff."  (Id. ¶ 13.)  Specifically, Plaintiff asserts that the county court judge became "angry" and "lost his temper" when Plaintiff "had set forth true allegations which left the Judge and defendants very speechless over four times," yet the judge "refused to set the case for review in court so[] all evidence could be heard . . . ."  (Id. ¶ 14.)  In the remainder of his complaint, Plaintiff asserts a lengthy version of the facts regarding his appeal to the TWC and what occurred at his place of employment in an attempt to re-hash the evidence that was presented at the state court hearing on Defendant's summary judgment motion.

       In response to Defendants' Motion to Dismiss, Plaintiff simply reasserts in more detail his arguments regarding the evidence presented at the underlying state court hearing on Defendant's summary judgment motion.

In sum, Plaintiff did not timely appeal to the state appellate court, he now seeks "appeal" of the state court proceedings.  Plaintiff asserts causes of actions[1] for violation of his civil rights, however, his claims, like those in Kelley, when "stripped to essentials" are merely "an attack on the judgment of the state district court."   Pursuant to the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments;" therefore, this Court lacks subject-matter jurisdiction over Plaintiff's claims.  Defendant's Motion to Dismiss for lack of subject-matter jurisdiction is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Rule 12(b)(1) Motion to Dismiss (Dkt. # 9).  Plaintiff's complaint is **DISMISSED**.

IT IS SO ORDERED.

DATED:  San Antonio, Texas, September 24, 2014.

David Alan Ezra
Senior United States Distict Judge

---

[1] As for Plaintiff's allegations of violations 18 U.S.C. § 241, a criminal statute, Plaintiff has no private cause of action under that section.  See Powers v. Karen, 786 F. Supp. 46, 51 (E.D. N.Y. 1991) ("[B]ecause sections 241 and 242 [of Title 18] do not provide for a private right of action, plaintiff's reliance on them is misplaced.").